BENJAMIN P. LECHMAN
California State Bar Number 185729
11400 W. Olympic Blvd. #200
Los Angeles, CA 90064
Telephone: (619) 733-9789

Attorney for Defendant Perez-Acuna

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 20CR01761-JLS |
| Plaintiff, ) | DATE: March 30, 2023 |
| ) | TIME: 9:00 a.m. |
| v. ) | |
| ) | |
| TEDITH PEREZ-ACUNA, ) | |
| ) | |
| ) | DEFENDANT'S SENTENCING |
| Defendant. ) | MEMORANDUM |
| _____ ) | |

TO: RANDY S. GROSSMAN, UNITED STATES ATTORNEY,
AMY L. BRAMMELL, ASSISTANT UNITED STATES ATTORNEY;
STEVEN EVERT, UNITED STATES PROBATION OFFICER:

The defendant, Mr. Perez-Acuna, through their counsel, Benjamin P. Lechman, hereby submits and files the following Sentencing Memorandum.

# I.
# TEDITH PEREZ-ACUNA

Mr. Perez-Acuna is aware that this Court has already sentenced his co-defendants in this case to similar period of incarceration and this will keep his comments here brief.

**A. Mr. Perez-Acuna: A fisherman who will go back to a simple life - rejoining his family in Ecuador.**

Mr. Perez-Acuna is a simple toothless fisherman from Guayaquil, Provincia de Guayas, Ecuador. Mr. Perez-Acuna worked as a fisherman prior to COVID-19 and would often be out on the open ocean doing commercial fishing. However, during the pandemic, he has not been able to work for approximately one year before the instant arrest. During that year of unemployment, he had work doing small/odd jobs on boats, but none of the work was consistent. As a result, he had amassed a large (by Ecuadorian standards) debt and during the pandemic, there was a dearth of work and he found he had no way to repay the debt. Also Mr. Perez-Acuna has a partially shortened leg as a result of a childhood bout with Polio and walks with a limp as a result. Mr. Perez-Acuna has a trade and will simply return to fishing now that the pandemic is essentially over.

Mr. Perez-Acuna is not the kind of person one would expect to participate in this type of conduct. He is a mild-mannered soft-spoken simple man. As noted in the attached certificates of completion he has tried to better himself and deepen his

faith during this difficult time in custody. *See* Appendix A. This Court will not see Mr. Perez-Acuna again after his release in this case.

**B. Mr. Perez-Acuna Occupied A Minor Role In This Offense.**

Mr. Perez-Acuna occupied a minor role in this offense. A defendant should not be denied a minor role adjustment because they acted as a sailor in a tiny boat like Mr. Perez-Acuna ("a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline"), nor should they be disqualified for a minor role adjustment even if the role the defendant played was considered "essential" to the criminal activity. *See* U.S.S.G. App. C (Supplement), Amend. 794; *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The non-exhaustive list of factors bearing on whether to apply a minor role adjustment includes:

(i) The degree to which the defendant understood the scope and structure of the criminal activity;
(ii) The degree to which the defendant participated in planning or organizing the criminal activity;
(iii) The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
(iv) The nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
(v) The degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. App. C (Supplement), Amend. 794

The *Quintero* court took the language of Amendment 794 literally and held that the sentencing court "should consider" at least these factors, if not more relevant factors, to arrive at the appropriate sentence.

This Court is familiar with the law on this point so Mr. Perez-Acuna will focus not on boilerplate recitations of the law, but rather how his actions fit squarely within the minor role provisions of USSG § 3B1.1.

First, Mr. Perez-Acuna did not understand the scope and structure of the criminal activity. Drug trafficking is a global problem that involves individuals at various levels of the supply chain these organizations operate across international borders, and they have sophisticated distribution channels and networks. At the bottom rungs of this chain are low-level transporters, like Mr. Perez-Acuna. This crime involved literally millions of dollars worth of cocaine. However, Mr. Perez-Acuna had no proprietary interest in the drugs and would only earn a relatively meager $5,000 up front for risking his life in this offense.

The government in its sentencing memo claims that the upward adjustment for reckless endangerment during flight somehow precludes a minor role reduction. Mr. Perez-Acuna was not piloting the boat and thus is not personally responsible for the flight. The government entirely fails to explain how the application of the § 3C1.2 flight adjustment has anything to do with the minor role factors. There is a

reason for that. The two have nothing to do with one another and the government's argument equates to impermissible double counting of the § 3C1.2 flight adjustment.

If someone like Mr. Perez-Acuna is arrested or killed, the organization can quickly replace them with another person. In fact the DTO may even see them as a liability if they are arrested and choose to cooperate with law enforcement agencies.

Mr. Perez-Acuna did not participate in planning or organizing the criminal activity. As noted in the PSR and the government's memo, Mr. Perez-Acuna simply showed up, was transported to the boat and did as he was instructed.

As this Court knows, transporters often have a limited understanding of the overall operation, and even after being involved over a length of time, a low-level worker like Mr. Perez-Acuna can – and did -- still have a minor role in the overall operation. The only decision-making authority, influence, or decision-making authority that Mr. Perez-Acuna exercised was the decision to act as a sailor.

**C. Mr. Perez-Acuna Accepted Responsibility in an Extraordinary Way.**

There's a confession and then there is what Mr. Perez-Acuna did in this case. This Court is familiar with its authority to vary downward based on Mr. Perez-Acuna's extraordinary acceptance of responsibility. *See, United States v. Brown*, 985 F.2d 478 (9th Cir. 1993). Mr. Perez-Acuna told arresting agents about

his role in this offense and all his prior involvement. He was honest and expansive in his admission to every aspect of his involvement in the instant event and prior events. PSR at ¶¶ 12-14.

Mr. Perez-Acuna has demonstrated that he was instantly willing to take responsibility for his actions and make amends for the harm caused, helping to restore trust in the legal system and promote a sense of justice for those who have been affected by drug trafficking.

### D. This Court Should Avoid Unwarranted Sentencing Disparity Amongst Other Similar Cases Prosecuted In This District.

As noted in co-defendant Gallardo's sentencing memorandum, This Court should sentence Mr. Perez-Acuna in line with other similar cases prosecuted in this district. [Dkt. #155] One of this Court's duties is to avoid unwarranted sentencing disparity. 18 U.S.C. § 3553(a)(6) obligates the Courts to consider and to recognize "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Bullock*, 454 F.3d 637 (7th Cir. 2006). As noted in the attached table (Appendix B), the sentences in similar cases are more in line with the 57-mopnths recommended here.

## II.

## CONCLUSION

This Court should impose a 57-month sentence based on his minor role, extraordinary acceptance of responsibility, and to avoid unwarranted sentencing disparity amongst other similar cases prosecuted in this district.

Respectfully submitted,

Dated: March 29, 2023

s/Benjamin P. Lechman
**BENJAMIN P. LECHMAN**
Attorney for Defendant Perez-Acuna